# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| TED KIMZEY, an individual, <br> TROY MILLER, an individual, <br><br> Plaintiffs, <br><br> vs. <br><br> FLAMINGO SEISMIC SOLUTIONS, <br> INC., a foreign for profit business <br> corporation, <br><br> Defendant. | Case No. CIV-10-906-M |

## ORDER

Before the Court is plaintiffs' Motion to Remand to State Court, filed September 1, 2010. On September 17, 2010, defendant filed its response. Based upon the parties' submissions, the Court makes its determination.

I.  Introduction

Plaintiffs filed the instant action on June 10, 2010 in Roger Mills County, asserting claims for trespass and damages to real property against defendant, which damages were allegedly sustained by plaintiffs while defendant was conducting a 3-D geological survey on real property owned by plaintiffs located in Roger Mills County, Oklahoma. Service was made on defendant on June 15, 2010. On August 19, 2010, defendant removed this action to this Court. Plaintiffs now move to remand this case back to state court.

II.     Discussion

Plaintiffs contend that this action should be remanded because defendant's Notice of Removal was untimely filed.[1] In order to timely remove a case from state to federal court,

> [t]he notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based . . . .
> If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable, except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action.

28 U.S.C. § 1446(b). "Under § 1446(b), the removal period does not begin until the defendant is able to intelligently ascertain removability so that in his petition for removal he can make a simple and short statement of the facts." *Huffman v. Saul Holdings Ltd. P'ship*, 194 F.3d 1072, 1078 (10th Cir. 1999) (internal quotations omitted).

Plaintiffs assert that defendant's contentions for removal were ascertainable from the information conveyed to its employees during negotiations with plaintiffs prior to plaintiffs filing suit and that defendant, therefore, was on notice that this action could be removed at the time it was served. Plaintiffs, therefore, contend that defendant's August 19, 2010 Notice of Removal was untimely. Defendant asserts that it was not on notice that the amount in controversy exceeds $75,000 until it received both plaintiffs' initial disclosures on August 13, 2010, wherein plaintiffs provided

---

[1] Plaintiffs do not dispute that there is both diversity of citizenship and the requisite amount in controversy in this case and that this Court, therefore, would have subject matter jurisdiction. Plaintiffs simply contend that defendant did not timely file its Notice of Removal.

the number of acres for which each plaintiff was claiming damages, and plaintiffs' counsel's first statement of the amount of damages per acre plaintiffs were seeking on August 18, 2010. Defendant, therefore, contends that its Notice of Removal was timely.

Plaintiffs assert that during negotiations for payment of property damage, plaintiffs rejected defendant's original offer of $10 per acre in damages and provided defendant with a counter offer of $25 per acre. In their motion, plaintiffs further state that plaintiff Troy Miller has approximately 3,800 acres of land that were damaged and plaintiff Ted Kimzey has approximately 2,800 acres of land that were damaged. Plaintiffs, thus, contend that because both the price and the amount of land at issue were known to defendant and its attorney as a result of the negotiations, defendant and its attorney should have known the amount of relief requested would have exceeded the $75,000 threshold when the Petition was filed. In its response, defendant contends that neither the allegations in the Petition nor pre-suit settlement discussions put defendant on notice that the amount in controversy exceeded $75,000.

Having carefully reviewed the parties' submissions, the Court finds that it was not until defendant received plaintiffs' initial disclosures on August 13, 2010, wherein plaintiffs provided the number of acres for which each plaintiff was claiming damages, that defendant would have been able to intelligently ascertain that the instant action was removable. Specifically, the Court finds that the Petition simply states that plaintiffs are seeking actual damages in excess of $10,000 and does not set forth either the number of acres of land that were allegedly damaged nor the amount of damages per acre that plaintiffs are seeking. Further, while plaintiffs have shown that defendant was aware of the various offers regarding the amount of damages per acre, plaintiffs have provided no evidence that defendant was aware of the number of acres involved prior to receiving plaintiffs'

3

initial disclosures on August 13, 2010. Neither the affidavits of plaintiffs nor the hand written note of defendant's representative, which are attached to plaintiffs' motion to remand, set forth the number of acres involved.

Accordingly, because defendant would not have been able to intelligently ascertain the amount of damages sought in the instant action until it knew the number of acres involved, the Court finds that defendant's August 19, 2010 Notice of Removal, which was filed only six days after defendant became aware of the number of acres involved, was timely and that this action should, therefore, not be remanded.

III.   Conclusion

Thus, for the reasons set forth above, the Court DENIES plaintiffs' Motion to Remand to State Court [docket no. 12].

**IT IS SO ORDERED this 20th day of October, 2010.**

*Vicki Miles-LaGrange* (signature)
VICKI MILES-LaGRANGE
CHIEF UNITED STATES DISTRICT JUDGE

4