# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| TED KIMZEY, an individual, ) | |
| TROY MILLER, an individual, ) | |
| ESTATE OF CLOVIS MILLER, SR., ) | |
| an individual, GENEVA MILLER, ) | |
| an individual, and STEELE KIMZEY, ) | |
| an individual, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | Case No. CIV-10-906-M |
| ) | |
| FLAMINGO SEISMIC SOLUTIONS, ) | |
| INC., a foreign for profit business ) | |
| corporation, ) | |
| ) | |
| Defendant. ) | |

## ORDER

This case is scheduled for trial on the Court's August 2011 trial docket.

Before the Court is defendant's Motion for Summary Judgment, filed May 31, 2011. On June 21, 2011, plaintiffs filed their response, and on June 28, 2011, defendant filed its reply. Based upon the parties' submissions, the Court makes its determination.

Plaintiffs own property in Roger Mills County, Oklahoma where seismic operations were conducted by defendant. Plaintiffs allege that defendant trespassed upon their respective lands by entering upon those lands and conducting seismic exploration operations thereon. It is undisputed that defendant was granted permission to conduct seismic testing by the owners of the mineral rights and/or oil and gas leasehold rights that lie under the surface estate of plaintiffs' property.

Defendant moves this Court for summary judgment on plaintiffs' claims. Specifically, defendant asserts that plaintiffs are not entitled to recover on their claims of purported trespass because it was authorized to enter upon plaintiffs' property to conduct the seismic operations by

permits granted by the owners of the mineral estate and/or the oil and gas leasehold rights covering plaintiffs' lands. Based upon the permission granted to defendant, defendant contends that no trespass occurred as a matter of law.

Under Oklahoma law, a trespass requires an unauthorized, physical invasion of land. *See Fairlawn Cemetery Ass'n v. First Presbyterian Church, U.S.A. of Okla. City*, 496 P.2d 1185, 1187 (Okla. 1972). Further, a trespass is not committed if the person has permission to enter upon the property and do the acts complained of; "[c]onsent or a valid license from the owner of land is a good defense to an action of trespass for actions within the scope of the license." *Antonio v. Gen. Outdoor Adver. Co., Inc.*, 414 P.2d 289, 291 (Okla. 1966). It is also well established under Oklahoma law that an owner of mineral interests and/or oil and gas leasehold rights can validly grant a permit authorizing another person to conduct seismic exploration of the mineral estate. *See Hinds v. Phillips Petroleum Co.*, 591 P.2d 697 (Okla. 1979); *Enron Oil & Gas Co. v. Worth*, 947 P.2d 610 (Okla. Civ. App. 1997).[1]

Thus, based upon the law set forth above, since defendant undisputedly had permission from the owners of the mineral estate and/or the oil and gas leasehold rights covering plaintiffs' lands to enter upon plaintiffs' property to conduct the seismic operations, it would appear that defendant did not trespass upon plaintiffs' lands. Plaintiffs, however, assert that the owners of the mineral estate and/or the oil and gas leasehold rights did not have the authority to assign the right to conduct seismic operations in this case because there was no benefit to the mineral estate and because the only result from the seismic operations is profit from the sale of the information obtained from the

---

[1] In fact, in their response, plaintiffs concede that under the covenant to further develop the leaseholds of the mineral estate, defendant has the right to conduct seismic operations. *See* Plaintiffs' Response to Defendant's Motion for Summary Judgment [docket no. 41] at 2.

2

seismic operations. Because the owners did not have authority to grant defendant permission to enter upon plaintiffs' property to conduct the seismic operations, plaintiffs assert that defendant trespassed upon their property.

Having carefully reviewed the parties' submissions, and the applicable case law, the Court finds there is no support in the case law for plaintiffs' assertion that there must be a benefit to the mineral estate in order for an owner to have authority to assign his right to conduct seismic operations. Additionally, courts have noted: "[t]he greater the number of parties allowed to explore, the more exploration will occur and the greater will be the potential for development of the land." *Mustang Prod. Co. v. Texaco, Inc.*, 754 F.2d 892, 895 (10th Cir. 1985); *Roye Realty & Developing, Inc. v. S. Seismic*, 711 P.2d 946, 948 (Okla. Civ. App. 1985). The Court, thus, finds that even assuming a benefit to the mineral estate is required, because there is a greater potential for the development of the land as a result of the seismic operations, there would be a benefit to the mineral estate from the seismic operations in this case. The Court, therefore, finds that the owners of the mineral estate and/or the oil and gas leasehold rights did have the authority to assign the right to conduct seismic operations in this case.

Accordingly, the Court finds that defendant had valid permission to enter upon plaintiffs' property to conduct the seismic operations and, thus, did not trespass, as a matter of law, upon plaintiffs' property. The Court, therefore, GRANTS defendant's Motion for Summary Judgment [docket no. 33].

**IT IS SO ORDERED this 19th day of July, 2011.**

VICKI MILES-LaGRANGE
CHIEF UNITED STATES DISTRICT JUDGE

3