IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| TED KIMZEY, an individual, ) | |
| TROY MILLER, an individual, ) | |
| ESTATE OF CLOVIS MILLER, SR., ) | |
| an individual, GENEVA MILLER, ) | |
| an individual, and STEELE KIMZEY, ) | |
| an individual, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | Case No. CIV-10-906-M |
| ) | |
| FLAMINGO SEISMIC SOLUTIONS, ) | |
| INC., a foreign for profit business ) | |
| corporation, ) | |
| ) | |
| Defendant. ) | |

## ORDER

Before the Court is defendant's Motion for Attorney's Fees, filed August 1, 2011. On August 19, 2011, defendant filed its Supplemental Motion for Attorney's Fees. On September 9, 2011, plaintiffs filed their response, and on September 14, 2011, defendant filed its reply. Based upon the parties' submissions, the Court makes its determination.

On June 10, 2010, plaintiffs filed the instant action, alleging that defendant trespassed upon their lands by conducting seismic exploration operations, thereby causing damages to their land. On July 19, 2011, this Court granted defendant's Motion for Summary Judgment and entered judgment in defendant's favor on plaintiffs' claims. Pursuant to Federal Rule of Civil Procedure 54(d), Local Civil Rule 54.2, and Okla. Stat. tit. 12, § 940, defendant now moves this Court for an order awarding it reasonable attorney's fees incurred in this action against plaintiffs.

"In diversity cases, attorney fees are a substantive matter controlled by state law." *Combs v. Shelter Mut. Ins. Co.*, 551 F.3d 991, 1001 (10th Cir. 2008). Therefore, Oklahoma law governs

whether defendant is entitled to attorney's fees in this case. Defendant asserts that it is entitled to attorney's fees based upon Okla. Stat. tit. 12, § 940(A). Plaintiffs contend that § 940(A) is not applicable in this case.

Section 940(A) provides:

> In a civil action to recover damages for the negligent or willful injury to property and any other incidental costs related to such action, the prevailing party shall be allowed reasonable attorney's fees, court costs and interest to be set by the court and to be taxed and collected as other costs of the action.

Okla. Stat. tit. 12, § 940(A). The Oklahoma Supreme Court has held that § 940(A) applies "only in those actions for damages for negligent or willful physical injury to property." *Schaeffer v. Shaeffer*, 743 P.2d 1038, 1039 (Okla. 1987). "Willful" physical injury "denotes that which is intentional, knowing or voluntary as distinguished from accidental, and characterizes conduct marked by careless disregard, whether or not one has the right to so act." *Id.* at 1040.

Plaintiffs assert that this action is not a civil action to recover damages for the negligent or willful injury to property as required by § 940(A). Plaintiffs further assert that the real dispute in this case was whether there was a right to enter the property to conduct the seismic operations (whether there was a trespass), not whether defendant damaged plaintiffs' property. Finally, plaintiffs assert that this Court never ruled upon whether there was any injury to plaintiffs' property.

Having carefully reviewed the parties' submissions, as well as the Court file, the Court finds that the instant action is a civil action to recover damages for the negligent or willful injury to property and falls within § 940(A). In the case at bar, plaintiffs essentially alleged that defendant entered their property intentionally, knowingly, and voluntarily and without plaintiffs' permission and as a result of defendant's unlawful entry, plaintiffs' property was damaged. The Court finds

plaintiffs' claimed damage to their property as a result of defendant's alleged trespass clearly falls within the type of actual injury to which § 940(A) is applicable. Further, the Court would note that this Court did not rule on whether there was any injury to plaintiffs' property because it found there was no trespass. The Court finds that such a ruling is not required for an award of attorney's fees to a defendant who is the prevailing party. Therefore, the Court finds that defendant, as the prevailing party in this case,[1] is entitled to attorney's fees under § 940(A).

Defendant contends that a fair and reasonable amount of attorney's fees to be awarded in this matter is $85,290.25, for services performed in this case from June, 2010 through July 31, 2011. Plaintiffs assert that the fees requested are unreasonable. Specifically, plaintiffs assert that the hourly rates charged by defendant's counsel are unreasonable and that certain charges are excessive, such as communication charges with client representatives and the pretrial work that was done "well in advance of the trial date".

> An attorney's fee must in every instance be reasonable. The criteria for determining a reasonable fee for legal services are set out in *State ex rel. Burk v. City of Oklahoma City*. An attorney seeking an award must submit to the trial court detailed time records and must offer evidence of the reasonable value of the services performed based on the standards of the legal community in which the attorney practices. The correct procedure for arriving at a reasonable fee is (a) first to determine from the detailed time records a baseline fee by multiplying hours expended times the attorney's hourly rate and (b) then to enhance that fee by adding an amount arrived at by applying the factors set out in *Burk*, taken from federal court practice, or those provided in Rule 1.5 of the Oklahoma Rules of Professional Conduct. The final determination of an appropriate fee is further subject to the rule that it must bear some reasonable relationship to the amount in controversy.

---

[1] It is undisputed that defendant is the prevailing party in this case.

*Finnell v. Seismic*, 67 P.3d 339, 346 (Okla. 2003).  The factors set out in *Burk* are as follows: (1) the time and labor required, (2) the novelty and difficulty of the questions, (3) the skill requisite to perform the legal service properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation and ability of the attorneys, (10) the "undesirability" of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases.  *See State of Okla. ex rel. Burk v. City of Okla. City*, 598 P.2d 659, 661 (Okla. 1979).

Having carefully reviewed the parties' submissions, the Court finds that the hours expended by defendant's attorneys are reasonable.  The Court would first note that the time records submitted by defendant's attorneys were sufficiently detailed and support the reasonableness of the hours expended.  The Court also finds that the time spent by the attorneys communicating with defendant's representative was not excessive.  The Court further finds that the time spent on pretrial work was reasonable.  Defendant's attorneys started preparing pretrial submissions a week before the deadline for these submissions, a clearly reasonable action.  However, there were two entries, one on 6/21/11 and one on 7/27/11, where it was noted that there was no charge to defendant, but hours were set forth in the records submitted by defendant.  Because defendant has not charged for this work, the Court finds that no attorney fees should be awarded for these entries.  Accordingly, the Court finds that requested hours, with the exceptions noted above, were reasonably spent in this case.

Having carefully reviewed the parties' submissions, and based upon the Court's own knowledge of prevailing market rates for attorneys with similar skill and experience in similar

litigation,[2] the Court finds that the majority of the hourly rates requested are not reasonable and should be reduced as follows: Michael E. Smith ($300/hour), Ralph E. Seals, Jr. ($300/hour), Sharon T. Thomas ($275/hour), J. Todd Woolery ($250/hour), Nathaniel Haskins ($150/hour), and Lucinda Risi ($125/hour). Applying the above hourly rates to the hours reasonably spent results in a baseline fee of $71,560.00.

The Court must now apply the *Burk* factors to determine whether the baseline fee should be enhanced or reduced. Having reviewed the parties' submissions, and applying the *Burk* factors, the Court finds no basis to alter the baseline fee. Finally, the Court finds that an award of attorney's fees in the amount of $71,560.00 bears a reasonable relationship to the amount in controversy in this case.

Accordingly, the Court GRANTS defendant's Motion for Attorney's Fees [docket no. 54] and AWARDS defendant attorney's fees in the amount of $71,560.00.

**IT IS SO ORDERED this 11th day of October, 2011.**

*/s/ Vicki Miles-LaGrange*
VICKI MILES-LaGRANGE
CHIEF UNITED STATES DISTRICT JUDGE

---

[2] "A district judge may consider his or her own knowledge of prevailing market rates as well as other indicia of a reasonable market rate." *Lippoldt v. Cole*, 468 F.3d 1204, 1225 (10th Cir. 2006). *See also Beck v. N. Natural Gas Co.*, 170 F.3d 1018, 1025 (10th Cir. 1999) ("The trial judge is an expert in determining the value of legal services, and in so doing may draw on his own knowledge and experience.").